CECELIA DODGE v. INCORPORATED TOWN OF LAMONT, IOWA, ET AL., Appellants.

**Contributory negligence:** INSTRUCTION. Where, in an action for
1  injury the result of a defective sidewalk, the jury is clearly instructed with respect to each of the circumstances under which plaintiff might have been injured and that it must appear she was in the exercise of ordinary care to entitle her to recover, it is not necessary to submit a separate instruction on the subject of contributory negligence, or to specifically charge whether in view of certain conditions which the evidence tended to show, plaintiff's conduct constituted negligence.

**Defective streets:** NEGLIGENCE: TRESPASS: INSTRUCTION. Where it
2  appeared that plaintiff, in passing along an obstructed walk in

front of a building in process of construction, either voluntarily entered the building and fell into an opening, or stepped directly into the opening from the walk, an instruction that if she attempted to pass through the building and was injured she was a trespasser and could not recover, was not objectionable, as the question of trespass had no application if she stepped directly into the opening from the walk.

**Obstructed walk:** BARRICADE: INSTRUCTION. An instruction that it is the duty of persons constructing a building and occupying the walk with obstructions, to barricade that part of the walk obstructed, is held unobjectionable, as authorizing the jury to determine whether a barrier had been properly placed at one end of the obstruction, which plaintiff had not reached at the time of the accident.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR, Judge.

THURSDAY, JUNE 7, 1906.

ACTION to recover damages for personal injuries due to failure to barricade a dangerous place in or near the sidewalk in the defendant town in front of the premises owned by the other defendants. Verdict and judgment for plaintiff. The defendants appeal.— *Affirmed.*

*Bronson & Carr* and *E. E. Hasner,* for appellants.

*C. E. Ransier* and *Springer & Smith,* for appellee.

McCLAIN, C. J.— Plaintiff fell into an open space in a partially constructed building adjacent to the sidewalk, and the negligence alleged, on account of which plaintiff sought to recover from the defendant town and the owners of the building, was in failing to use reasonable care in having or maintaining barriers to prevent persons passing along that side of the street using the space adjoining the unfinished building for sidewalk purposes, and in allowing a dangerous opening in proximity to the sidewalk without proper guards or lights. There is a direct conflict

in the evidence as to whether plaintiff stepped into or fell into the opening while attempting to pass along where the sidewalk would properly have been, had the premises been in a normal condition, or whether she attempted to enter and pass through the building on planking used for construction purposes and fell into the opening while thus a trespasser. It is not necessary, in order to rule on the errors relied upon, to set out even a synopsis of the evidence, nor to state in detail the various forms of negligence alleged in the petition with reference to which the evidence might have been admissible; for, aside from the claim that there was not sufficient evidence to support a verdict, which claim is wholly unfounded, for 'there was a conflict which was properly submitted to the jury, the errors argued relate entirely to the giving and refusal of instructions.

The principal objection to the instructions seems to be that they do not sufficiently emphasize the rule as to contributory negligence constituting a defense; but, without setting out the instructions at length, it is sufficient to say the jury were told, in connection with each proposition relating to the different forms in which plaintiff might have been injured through the want of sufficient barriers, lights, and the like, that it must appear the plaintiff was in the exercise of ordinary care at the time, in order to entitle her to recover. It is true that no separate instruction was given relating to the subject of contributory negligence, and that the court did not specifically charge, with reference to certain conditions which the evidence tended to show as existing at the time of the accident, whether in view of these conditions the conduct of the plaintiff would or would not constitute contributory negligence; but we think that the jury was sufficiently advised by the instructions given that freedom from contributory negligence under the conditions known to the plaintiff, or which should have been known to her as a person of reasonable caution and prudence, must be established by plaintiff

1. CONTRIBUTORY NEGLIGENCE: instruction.

before she would be entitled to recover on account of any of the alleged acts or omissions of the defendants relied on as constituting negligence. For instance, it is claimed that the evidence shows without conflict that at the place where plaintiff fell into the opening, adjoining the sidewalk, there was a wall two feet thick and two or three feet high, between the edge of the sidewalk and the opening, and the plaintiff could not have fallen into such opening from the sidewalk if she had been in the exercise of ordinary care. But as to this assumed fact there was a clear conflict in the evidence, and the court was not bound to instruct specifically with reference to each state of facts which the evidence might tend to establish. The jury would very well understand from the instructions given that if plaintiff, in the exercise of reasonable care, knew or should have known of this wall, she should have taken reasonable precautions not to fall over it, or go upon it, and thus expose herself to danger from the opening in the floor of the uncompleted building. The instructions asked on this subject go into detail as to what would constitute contributory negligence with reference to a certain state of facts which the evidence for the defendants tended to show; but, in view of the conflict in the evidence, the jury could not properly be limited to the consideration of any assumed state of facts, even though there was evidence to support the assumption, and we think that the court sufficiently advised the jury on the subject, so that as to any state of facts which they may have found to exist they should understand that freedom from contributory negligence on the part of the plaintiff must be made to appear.

Complaint is also made of instructions to the effect that, if plaintiff entered into and attempted to pass through the unfinished building, she was a trespasser and could not re-
2. DEFECTIVE STREETS: negligence: trespass: instruction.    cover for injuries received as the result of such trespass. The objection seems to be that the court confined his instructions to the entry into the building at the opening used in transporting material

into the building, and did not instruct as to a possible entry into the building at other places.    But we see no merit in this contention.    Under the evidence the plaintiff either voluntarily went into the building at this place, and afterwards fell into the opening, or stepped into the opening directly from the sidewalk over the foundation wall of the building.    An instruction as to trespass could have had no proper relation under the evidence to the latter method of receiving the injury.    If plaintiff stepped from the sidewalk over the foundation wall, and fell into the opening while trying to keep upon the sidewalk, being misled by the darkness and the presence of obstructions in the part of the street properly used for a sidewalk, an instruction as to the effect of trespass would be wholly uncalled for.    We are satisfied that, so far as applicable, the question of the effect of a trespass was sufficiently presented to the jury under any state of facts which the evidence tended to establish.

.The court instructed the jury as to the duty of persons constructing the building, occupying the sidewalk with obstructions rendering passage thereon dangerous, to place barricades at each end of the portion of the walk which had been taken up or obstructed; and counsel for appellant argue that the jury was thereby led to consider the question whether a barrier had properly been placed at the other end of the obstructed sidewalk which plaintiff had not reached when the accident occurred.  .But we think there was nothing in the pleadings or in the evidence to direct the attention of the jury to the presence or absence of a barricade at the other end, and that the jury could not have considered that plaintiff was entitled to recover on account of the absence of such barricade, which could not have served as any warning to her of the danger.

3. OBSTRUCTED WALK: barricade: instruction.

There is complaint, also, as to the statement of the issues, in that one paragraph, intended to set out the allegations as to defendants' negligence contained in plaintiff's

petition, was so separated from the other portions of the instructions presenting such allegations that it might have been understood by the jury as a statement of facts by the court, instead of a statement of the alleged facts, relied on by plaintiff.    But an examination of this paragraph in connection with those preceding and following clearly shows that it was a part of the statement of the allegations of the petition, and the jury could not have been misled as to its nature.

We have referred in this general way to the principal complaints with reference to the instructions given.    Many specific objections are made to detached portions of the instructions, but an examination of them leads to the conclusion that they are without merit.    We are satisfied that the jury would have no difficulty in determining any issue of fact arising under the evidence by applying the principles laid down for their guidance by the court.    As to the instructions refused, it is sufficient to say that they do not present to the jury any considerations which would not occur to them as reasonable men in attempting to follow the instructions given.

We find no error to have been committed, and the judgment is *affirmed*.